AUSA: William M. Sloan   Telephone: (313) 226-9611
Special Agent: Bryan Toltzis, FBI   Telephone: (313) 919-1467

AO 93 (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )
)  Case No. 20-mc-50491-13
IN THE MATTER OF THE SEARCH OF THE )
PREMISES DESCRIBED IN ATTACHMENT A )
)

## SEARCH AND SEIZURE WARRANT

To:   Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____Eastern_____ District of _____Michigan_____
*(identify the person or describe the property to be searched and give its location):*

See ATTACHMENT A.

> I hereby certify that the foregoing is a certified copy of the original on file in this office
>
> **Clerk, U.S. District Court**
> **Eastern District of Michigan**
>
> By  **s/Michael Williams**
> Deputy

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See ATTACHMENT B.

**YOU ARE COMMANDED** to execute this warrant on or before   April 16, 2021   *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.   ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to   the presiding United States Magistrate Judge on duty   .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for ____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:   April 2, 2021   7:31 pm        *[signature]*
                                                       *Judge's signature*

City and state:   Detroit, MI         Hon. Anthony P. Patti,  U. S. Magistrate Judge
                                          *Printed name and title*

## ATTACHMENT A

### Property to Be Searched

The property to be searched is Maro Jewelers, Inc., 21700 Greenfield Road, Suite 365, Oak Park, Michigan (the "TARGET PREMISES"). The TARGET PREMISES is a business suite, located on the third floor inside Greenfield Plaza, a four-story commercial building located at 21700 Greenfield Road, Oak Park, Michigan. A photo of the exterior of Greenfield Plaza is pictured below:



## ATTACHMENT B

## Particular Things to be Seized

1. All evidence, fruits, and/or instrumentalities of violations of 18 U.S.C. § 1951 (Hobbs Act Robbery, and attempt and conspiracy to commit the same); 18 U.S.C. §§ 2314 and 371 (Interstate Transportation of Stolen Property and conspiracy to commit the same); and 18 U.S.C. §§ 2315 and 371 (Receipt, Possession, and Sale of Stolen Property and conspiracy to commit the same) (collectively, the "Target Offenses"), including but not limited to:

   a. Any and all store security camera video recordings for the date of March 16, 2021.

   b. Evidence relating to the jewelry store robberies and larcenies described in the Affidavit, including records, receipts, notes, and/or ledgers, including financial records, reflecting purchase or sale transactions with Kareem HENRY, "Ramy," Brian MOORE, Darrell REED, or "Rell."

   c. Any records of identification documents of customers Kareem HENRY, "Ramy," Brian MOORE, Darrell REED, or "Rell," including copies of driver's licenses or other IDs.

   d. Evidence relating to the jewelry store robberies and larcenies described in the Affidavit, including diamonds and/or jewelry and/or store merchandise tags (*i.e.*, tags exhibiting Stock Keeping Unit (SKU numbers or bar codes) believed to have originated from victim jewelry stores, including diamonds bearing the GIA/GSI/IGI certification numbers of the stolen items listed in the Affidavit.

59

e. Any jewelry, diamonds or gems that are determined to be (i) stolen, based on examination and review of inscribed GIA/GSI/IGI certification numbers, or (ii) likely stolen, based on examination that reveals alteration or attempted alteration of inscribed certification numbers.

f. Any labels, tags, or other records in the name(s) of Zales, Kay Jewelers, and/or Jared the Galleria of Jewelry.

g. All electronic devices, computers, and electronic storage media—including cellular telephones, tablets, computers, thumb drives, and other similar devices and/or storage media—that could be used to (i) communicate with other individuals involved in the Target Offenses, and/or (ii) store records or other information identified in this attachment.

h. United States currency, financial instruments, and/or jewelry/precious gems reasonably believed to be proceeds of the Target Offenses.

i. Any books, records, notes, ledgers, documents, or paperwork, identifying assets and the location of assets which are reasonably believed to be proceeds, or which were potentially purchased with proceeds, of the Target Offenses.

j. Books and records of personal income, expenditures or investments, including but not limited to: income tax returns and/or copies, financial statements, journals, ledgers, notes, bank statements and related records, cancelled checks, passbooks, letters of credit, credit card statements and receipts, money orders, bank drafts and cashier's checks, bank checks, safe deposit box keys, brokerage or other financial institution transaction statements, stocks, bonds, real estate transaction records, receipts, invoices, and other items evidencing income, expenditures, assets, liabilities or investments.

k. Any records of off-site locations to store records, including safe deposit box keys and records, receipts, and rental agreements for storage facilities.

1. Any lockbox, safe, or closed container(s) that may contain any of the above-listed items.

2. Computers or storage media used as a means to commit the Target Offenses described above.

3. For any computer or storage medium whose seizure is otherwise authorized by this warrant, and any computer or storage medium that contains or in which is stored records or information that is otherwise called for by this warrant (hereinafter, "COMPUTER"):

   a. evidence of who used, owned, or controlled the COMPUTER at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

   b. evidence indicating how and when the computer was accessed or used to determine the chronological context of computer access, use, and events relating to crimes under investigation and to the computer user;

   c. evidence indicating the computer user's state of mind as it relates to the crimes under investigation;

   d. evidence of the attachment to the COMPUTER of other storage devices or similar containers for electronic evidence;

   e. evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the COMPUTER;

   f. evidence of the times the COMPUTER was used;

   g. passwords, encryption keys, and other access devices that may be necessary to access the COMPUTER;

    h. documentation and manuals that may be necessary to access the COMPUTER or to conduct a forensic examination of the COMPUTER;

    i. records of or information about Internet Protocol addresses used by the COMPUTER;

    j. records of or information about the COMPUTER's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses;

    k. contextual information necessary to understand the evidence described in this attachment.

As used above, the terms "records" and "information" includes all forms of creation or storage, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).

The term "computer" includes all types of electronic, magnetic, optical, electrochemical, or other high speed data processing devices performing logical, arithmetic, or storage functions, including desktop computers, notebook computers, mobile phones, tablets, server computers, and network hardware.

The term "storage medium" includes any physical object upon which computer data can be recorded. Examples include hard disks, RAM, floppy disks, flash memory, CD-ROMs, and other magnetic or optical media.

This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.